UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ZAKA REHMAN

                                                                                                                                                                                                Complaint

                                                                       Plaintiff,

                                                                                                                                                          Jury Trial Demand

       -against-

THE CITY OF NEW YORK; WILLIAM J. BRATTON, as
Police Commissioner, Police Department City of New York;
BENJAMIN B. TUCKER, as First Deputy Commissioner, Police
Department City of New York; RAYMOND SPINELLA, as
Chief of Personnel, Police Department City of New York; JOANNE
JAFFE, as Chief of Community Affairs Bureau; DIANA L.
PIZZUTI, as Assistant Chief, Commanding Officer, Patrol Borough
Queens North; STEPHEN P. O'BRIEN, as Deputy Inspector, Patrol
Borough Queens North and THOMAS CONFORTI, as Captain,
Commanding Officer 112th Precinct, each being sued individually and
in their official capacities as employees of defendant THE CITY OF
NEW YORK

                                                                                            Defendants'

--------------------------------------------------------------------------------X

       The plaintiff ZAKA REHMAN, by his attorney, The Sanders Firm, P.C., as and for his complaint against defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI, respectfully set forth and allege that:

## **INTRODUCTION**

       1.     This is an action for equitable relief and money damages on behalf of the plaintiff ZAKA REHMAN, (hereinafter referred to as "plaintiff") who was, and who is prospectively being deprived of him civil and constitutional rights as a result of the defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE

JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI'S national origin discrimination.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

   a. the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law; and

   b. the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

3. The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

4. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296 and New York City Administrative Code § 8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the Plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5. Plaintiff is a male citizen of the United States of America, over twenty-one (21) years of age, resident of Westchester County and is an employee of defendant THE CITY OF NEW YORK more specifically the Police Department City of New York ("NYPD").

## DEFENDANTS'

6. Defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

7. Defendants' WILLIAM J. BRATTON, as Police Commissioner, Police Department City of New York; BENJAMIN B. TUCKER, as First Deputy Commissioner, Police Department City of New York; RAYMOND SPINELLA, as Chief of Personnel, Police Department City of New York; JOANNE JAFFE, as Chief of Community Affairs Bureau; DIANA L. PIZZUTI, as Assistant Chief, Commanding Officer, Patrol Borough Queens North; STEPHEN P. O'BRIEN, as Deputy Inspector, Patrol Borough Queens North and THOMAS CONFORTI, as Captain, Commanding Officer 112th Precinct.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

9. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

## BACKGROUND

10. Plaintiff is a Pakistani-American male sergeant who practices the Muslim faith, employed by defendant THE CITY OF NEW YORK within the NYPD.

11. Plaintiff alleges that in or around February 2011, he sat for Examination No.: 1534, the Promotion to Lieutenant, Police Department City of New York.

12. Plaintiff alleges on or about July 1, 2011, he was assigned to the 112th Precinct under the command of defendants' DIANA L. PIZZUTI (Caucasian Female); STEPHEN P.

O'BRIEN (Caucasian Male) and THOMAS CONFORTI (Caucasian Male) where they enforced illegal race-based performance goals aka 'quotas' such as a specific number of stops, frisks, summonses and arrests using race as a primary factor.

13. Plaintiff alleges these race-based enforcement actions were performed in areas of the command where African-Americans and other persons of color are likely to travel and congregate such as near the borders of the 110th, 104th and 102nd Precincts. These race-based enforcement actions were never performed in areas of the command where Jewish citizens are likely to travel and congregate.

14. Plaintiff alleges defendant WILLIAM J. BRATTON (Caucasian Male) is aware of these race-based selective enforcement actions as the statistical data populated within the NYPD COMPSTAT Program (Computer Statistical Program) maintained, reviewed and managed by him supports this allegation.

15. Plaintiff alleges on or about July 2011 he received Department charges for an OEEO complaint filed against him while assigned to Internal Affairs Bureau Group No.: 21, by a Sergeant (Jewish Female) he was having a disagreement with. The complaint was sustained against him, due to a biased investigation favoring her over him.

16. Plaintiff alleges that shortly thereafter, he was notified by defendant THE CITY OF NEW YORK through its Department of Citywide Administrative Services (DCAS) he passed the promotional examination and assigned List No.: 173.

17. Plaintiff alleges in or around January 2013, defendant THOMAS CONFORTI in collusion with defendants' DIANA L. PIZZUTI and STEPHEN P. O'BRIEN intentionally rated him 2.5 out of 5.0 and DID NOT recommend him for promotion to Lieutenant on his 2012

4

Yearly Performance Evaluation because he refused to participate in race-based enforcement actions favoring Jewish citizens.

18. Plaintiff alleges based upon the NYPD Performance Monitoring Program guidelines, he was placed into the Level II Monitoring Program.

19. Plaintiff alleges defendants' RAYMOND SPINELLA (Caucasian Male) as the reviewer, supported these illegal actions of defendants' DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI, failing to protect his rights.

20. Plaintiff alleges the NYPD Performance Monitoring Program is used to enforce race-based enforcement actions such as a specific number of stops, frisks, summonses and arrests. Failure to meet these race-based enforcement actions lead to unfair discipline, failure to promote and other illegal employment actions.

21. Plaintiff alleges that based upon the actions of defendants' THE CITY OF NEW YORK; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI he would have to appear in front of the Career Advancement Review Board (CARB) for each and every promotion until he is no longer in the program.

22. Plaintiff alleges in 1978, the United States Equal Employment Opportunity Commission ("EEOC") adopted the Uniform Guidelines on Employee Selection Procedures ("UGESP") under Title VII of the Civil Rights Act of 1964.

23. Plaintiff alleges the UGESP provides uniform guidance for employers to ensure their testing and selection procedures are in compliance with Title VII of the Civil Rights Act of 1964, theory of disparate impact.

24. Plaintiff alleges the UGESP outline three (3) different methods for employers to prove their testing and selection procedures are job-related and consistent with business necessity.

25. Plaintiff alleges these methods of proving job-relatedness are called "test" validation.

26. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, is not in compliance with the UGESP.

27. Plaintiff alleges that the CARB Board is managed by the Personnel Bureau through the Employee Management Division.

28. Plaintiff alleges the CARB Board usually consists of three (3) executive level police officials, deputy inspectors or above selected by defendant RAYMOND SPINELLA.

29. Plaintiff alleges the CARB Board assesses an employee's suitability for civil service promotions and other career advancements.

30. Plaintiff alleges the CARB Board uses information collated by the NYPD Performance Monitoring Program to make recommendations for civil service promotions and other career advancements to defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER and RAYMOND SPINELLA.

31. Plaintiff alleges defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER and RAYMOND SPINELLA usually adopts the CARB Board's recommendations without further administrative review.

32. Plaintiff alleges the Performance Monitoring Program and CARB Board if used objectively are vital tools used to assess employees' employability.

33. Plaintiff alleges Title VII of the Civil Rights Act of 1964 prohibits employment programs designed to, or that has a tendency to, discriminate based upon nation origin, religion and other protected categories.

34. Plaintiff alleges the Performance Monitoring Program and CARB Board where the administration results in disparate treatment or disparate impact upon employees' based upon national origin, violates Title VII of the Civil Rights Act of 1964.

35. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, have a legal obligation to ensure employees' are afforded a fair opportunity to compete for career opportunities in the workplace.

36. Plaintiff alleges defendants' WILLIAM J. BRATTON; BENJAMIN B. TUCKER and RAYMOND SPINELLA as agency executives are legally obligated to ensure employees' are afforded a fair opportunity to compete for career opportunities in the workplace.

37. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, knows or should have known the Performance Monitoring Program and the CARB Board implemented and/or managed by defendants' WILLIAM J. BRATTON; BENJAMIN B. TUCKER and RAYMOND SPINELLA forcing employees' to be evaluated for employability is fraught with "subjectivity" and "implicit bias", thereby creating the opportunity for disparate treatment or disparate impact upon employees' due to their national origin or religion.

38. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not review existing Performance Monitoring Program and CARB Board assessments to ensure they are statistically valid, reliable and devoid of national origin or religion bias.

39. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not assess an employee's employability in a standardized manner to ensure they're treated fairly.

40. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not monitor the Performance Monitoring Program and CARB Board assessments to ensure there's no disparate treatment or disparate impact upon employees' due to national origin or religion.

41. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not monitor workplace statistics on attrition, turnover, and production to determine whether the use of the Performance Monitoring Program and CARB Board have a disparate treatment or disparate impact upon employees' due to national origin or religion.

42. Plaintiff alleges as a comparator, that on or about April 29. 2011, upon information and belief, former Sergeant now Lieutenant Vito Ardito (Caucasian Male) was promoted despite receiving Department charges on or about April 19, 2011 for Failing to Supervise a search warrant execution and Impeding an Investigation.

43. Plaintiff alleges as a comparator, that on or about April 29. 2011, upon information and belief, former Sergeant now Lieutenant Vito Ardito (Caucasian Male) was promoted despite receiving Department charges on or about April 10, 2003 for Conduct Prejudicial to the Good Order of the Department, Aggravated Harassment, and Disclosing Official Department Business.

44. Plaintiff alleges as a comparator, that on or about September 29, 2014, upon information and belief, former Sergeant now Lieutenant Brian Goldsborough (Caucasian Male)

was promoted without appearing before the CARB Board despite being previously arrested as a Sergeant.

45. Plaintiff alleges as a comparator, that on or about April 26, 2013, upon information and belief, former Sergeant now Lieutenant Scott Forster (Caucasian Male) was promoted despite being previously arrested, suspended and modified as a probationary Sergeant.

46. Plaintiff alleges as a comparator, that on or about June 26, 2015, upon information and belief, former Lieutenant now Captain Scott Forster (Caucasian Male) was promoted despite receiving Department charges for a botched robbery investigation.

47. Plaintiff alleges as a comparator, that on or about August 2, 2011, upon information and belief, Police Officer Samantha Evans (African-American Female) now Sergeant was promoted despite being found guilty for purchasing items using a deceased relative's Benefit Card without permission or authority.

48. Plaintiff alleges as a comparator, that Sergeant Carlos Fabara (Hispanic Male), List number 34 on the 2015 Promotion to Lieutenant Examination, upon information and belief, will appear before the CARB Board while having the most Civilian Complaint Review Board complaints in 2006 as a Sergeant in the 101 Precinct, being suspended in 2011 after getting arrested in Philadelphia for being drunk and disorderly and suspended again in 2012 by the Medical Division.

49. Plaintiff alleges that upon information and belief there are many others who were promoted with similar personnel histories.

50. Plaintiff alleges that in or around January 2013, he appeared before the CARB Board consisting of defendant JOANNE JAFFE (Caucasian Female), Chief Anthony J. Izzo

(Caucasian Female), Deputy Commissioner Arnold Weschler (Caucasian Male) and Deputy Chief Donna A. Jones.

51. Plaintiff alleges after meeting with the CARB BOARD where the focus of the questioning related to the OEEO complaint filed against him and the 2012 Yearly Performance Evaluation filed by defendant THOMAS CONFORTI in collusion with defendants' DIANA L. PIZZUTI and STEPHEN P. O'BRIEN intentionally rating him 2.5 out of 5.0 and DID NOT recommend him for promotion to Lieutenant.

52. Plaintiff alleges shortly thereafter, he was notified the CARB Board DID NOT recommend him for promotion to Lieutenant.

53. Plaintiff alleges sometime later, defendant JOANNE JAFFE claimed her husband's vehicle was vandalized. However, when plaintiff went to investigate these allegations, the husband left the scene.

54. Plaintiff alleges at the scene, there was another vehicle vandalized but, NO EVIDENCE was observed.

55. Plaintiff alleges shortly thereafter, defendant JOANNE JAFFE filed a false allegation against him claiming he failed to recover evidence of burglar tools i.e. a screw driver from the scene.

56. Plaintiff alleges in or around December 2013 based upon defendant JOANNE JAFFE'S false allegations against him, he received Department charges for failing to voucher a screw driver, the alleged burglar tool.

57. Plaintiff alleges that in or around January 2014, the CARB Board meeting was cancelled due to pending Department charges.

58. Plaintiff alleges in or around May 2014 he was transferred to the Queens Court Section. He was no longer under the direct command of defendants' DIANA L PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI.

59. Plaintiff alleges in or around June 2014 he was placed on 'Special Monitoring' managed through the Employee Management Division for a minimum of two (2) years.

60. Plaintiff alleges in or around January 2015 he was rated 4.5 out of 5.0 on his 2014 Yearly Performance Evaluation.

61. Plaintiff alleges prior to be transferred from the 112th Precinct under the command of defendants' DIANA L PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI he was consistently rated 2.5 out of 5.0 on his 2012 through 2013 Yearly Performance Evaluations in retaliation for failing to support race-based enforcement actions.

62. Plaintiff alleges he passed the 2015 Promotion to Lieutenant Examination No. 5535; List number 104.

63. Plaintiff alleges on or about February 13, 2015 after the Department charges were adjudicated, he received a 30-day suspension and one (1) year dismissal probation.

64. Plaintiff alleges on or about February 12, 201, he appeared before the CARB Board consisting of defendant RAYMOND SPINELLA; Deputy Commissioner Internal Affairs Joseph J. Reznick (Caucasian Male), Chief James R. Waters (Caucasian Male) and Inspector John Cosgrove (Caucasian Male).

65. Plaintiff alleges after meeting with the CARB BOARD where the focus of the questioning related to the OEEO complaint filed against him and the 'Jaffe' incident.

66. Plaintiff alleges shortly thereafter, he was notified the CARB Board DID NOT recommend him for promotion to Lieutenant.

67. Plaintiff alleges that in or around March 2016 he was notified by the Employee Management Division that he would be placed back on 'Special Monitoring' for one (1) year.

68. Plaintiff alleges that based on the foregoing, defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI have discriminated against him due to his National Origin and Religion and for failing to support race-based enforcement actions.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### FAILURE TO PROMOTE
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

69. Plaintiff re-alleges Paragraphs 1 through 68 and incorporates them by reference as Paragraphs 1 through 68 of Count I of this Complaint.

70. Plaintiff alleges that defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI through their agents discriminated against due to his National Origin causing him to be denied a rightly earned promotion to the position of Lieutenant since February 2012.

71. Plaintiff alleges that as a result of the aforesaid acts, depriving him of his civil rights, he suffered mental anguish, emotional distress, and loss of employment opportunities.

### COUNT II
### FREEDOM OF SPEECH
### IN VIOLATION OF
### THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

72. Plaintiff re-alleges Paragraphs 1 through 71 and incorporates them by reference as

Paragraphs 1 through 71 of Count II of this Complaint.

73. Plaintiff defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI and their agents' interfered with his right to freedom of speech and freedom of expression.

74. Plaintiff alleges he engaged in constitutionally protected speech and expression by failing to support race-based enforcement actions.

75. Plaintiff alleges he suffered retaliatory actions by defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI and their agents' causing him to de denied a rightly earned promotion to Lieutenant since February 2012.

76. Plaintiff alleges the protected speech was a "motivating factor" in the retaliatory actions.

77. Plaintiff alleges defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI and their agents' actions caused him mental anguish, damage to his personal and professional reputation, and loss of employment opportunities.

### COUNT III
### FAILURE TO PROMOTE
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

78. Plaintiff re-alleges Paragraphs 1 through 77 and incorporates them by reference as Paragraphs 1 through 77 of Count III of this Complaint.

79. Plaintiff alleges that defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI discriminated against him due to his National Origin and Religion causing him to be denied a rightly earned promotion to the position of Lieutenant since February 2012.

80. Plaintiff alleges that as a result of the aforesaid acts, depriving him of his civil rights, he suffered mental anguish, emotional distress, and loss of employment opportunities.

## COUNT IV
## FAILURE TO PROMOTE
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

81. Plaintiff re-alleges Paragraphs 1 through 80 and incorporates them by reference as Paragraphs 1 through 80 of Count IV of this Complaint.

82. Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their National Origin or Religion.

83. Plaintiff alleges that defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI discriminated against him due to his National Origin and Religion causing him to be denied a rightly earned promotion to Lieutenant since February 2012.

84. Plaintiff alleges that defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI'S violations caused him mental anguish, emotional distress, and loss of employment opportunities.

## COUNT V
## FAILURE TO PROMOTE
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

85. Plaintiff re-alleges Paragraphs 1 through 84 and incorporates them by reference as Paragraphs 1 through 84 of Count V of this Complaint.

86. Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their National Origin or Religion.

87. Plaintiff alleges that defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI discriminated against him due to his National Origin and Religion causing him to be denied a rightly earned promotion to Lieutenant since February 2012.

88. Plaintiff alleges that defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI S violations caused him mental anguish, emotional distress, and loss of employment opportunities.

## JURY TRIAL

89. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff demands compensatory damages from defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI, plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated: June 30, 2016
       New York, NY

    Respectfully submitted,

By: _____s_____
    Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
230 Park Avenue, Suite 1000
New York, NY 10169
(212) 808-6515 (Business Telephone)
(212) 729-3062 (Facsimile)

Website: http://www.thesandersfirmpc.com