UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ZAKA REHMAN

                                                Plaintiff,

                                                                    16 cv 3644 (AMD)(RML)

              -against-


THE CITY OF NEW YORK; WILLIAM J. BRATTON, as
Police Commissioner, Police Department City of New York;
BENJAMIN B. TUCKER, as First Deputy Commissioner, Police
Department City of New York; RAYMOND SPINELLA, as
Chief of Personnel, Police Department City of New York; JOANNE
JAFFE, as Chief of Community Affairs Bureau; DIANA L.
PIZZUTI, as Assistant Chief, Commanding Officer, Patrol Borough
Queens North; STEPHEN P. O'BRIEN, as Deputy Inspector, Patrol
Borough Queens North and THOMAS CONFORTI, as Captain,
Commanding Officer 112th Precinct, each being sued individually and
in their official capacities as employees of defendant THE CITY OF
NEW YORK

                                                Defendants'

--------------------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' THE CITY OF NEW YORK; WILLIAM J. BRATTON;
BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L.
PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI'S MOTION TO
DISMISS COMPLAINT**

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
230 Park Avenue, Suite 1000
New York, NY 10169
(212) 808-6515 (Business Telephone)
(212) 729-3062 (Facsimile)

Website: http://www.thesandersfirmpc.com

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................................................iii-iv

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ..................................................................................................... 1-3

COUNTERARGUMENTS....................................................................................................... 3-9

POINT I
DEFENDANTS' ANTICIPATED MOTION AND THE APPLICABLE
PLEADING STANDARD UNDER IQBAL/TWOMBLY .................................. 3-5

POINT II
PLAINTIFF'S CLAIMS ARE NOT PARTIALLY TIME-BARRED ....................5

POINT III
PLAINTIFF STATES PLAUSIBLE NATIONAL ORIGIN DISCRIMINATION
CLAIMS UNDER SECTION 1981 AND ARE NOT PARTIALLY TIME-
BARRED ..........................................................................................................................6

POINT IV
PLAINTIFF STATES A PLAUSIBLE FIRST AMENDMENT CLAIM........... 6-8

POINT V
PLAINTIFF STATES PLAUSIBLE FAILURE TO PROMOTE CLAIMS ....... 8-9

CONCLUSION...................................................................................................................... 9

**Table of Authorities**

**Federal Cases**

Anderson v. Conboy, 156 F.3d 167 (2d Cir. 1998)  ........................................................ 6

Bonner v. Guccione, 178 F.3d 581 (2d Cir. 1999)  ...................................................... 5

Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 167 (2d Cir. 2006) .................7

Cobb v. Pozzi, 363 F.3d 89, 108 (2d Cir. 2004) ..................................................................7

Cox v. Warwick Valley Cent. School Dist., 654 F.3d 267, 272 (2d Cir. 2011) ............................6

Davis-Bell v. Columbia Univ., 851 F. Supp. 2d 650 (S.D.N.Y. 2012)  ........................................ 8

Estate of Hamilton v. City of N.Y., 627 F.3d 50 (2d Cir. 2010)  .................................................. 8

Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities , 115 F.3d 116

(2d Cir. 1997) .........................................................................................................................3

Fisher v. Vassar Coll., 114 F.3d 1332 (2d Cir. 1997) .................................................... 4

Gallagher v. Delaney, 139 F.3d 338 (2d Cir. 1998)  ...................................................... 4

Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006) .....................7

Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382 (E.D.N.Y. 2009) .................................... 6

Jackler v. Byrne, 658 F.3d 225, 235 (2d Cir. 2011) ..........................................................7

Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229 (2d Cir. 2007) .......................................... 5

Lane v. Franks, 134 S.Ct. 2369, 2380, 189 L. Ed. 2d 312 (2014) ...................................................7

Lightfoot v. Union Carbide Corp., 110 F.3d 898 (2d Cir. 1997) ................................................ 5

Littlejohn v. City of N.Y., 795 F.3d 297 (2d Cir. 2015) ..................................................... 4

Lopez v. S.B. Thomas, Inc., 831 F.2d 1184 (2d Cir. 1987) ......................................................... 6

Matthews v. City of N.Y., 779 F.3d 167 (2d Cir. 2015) ......................................................... 6-8

Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed. 2d 106

(2002)...................................................................................................................................5

Owens v. Okure, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989) ...................................5

Petrosino v. Bell Atl., 385 F.3d 210 (2d Cir. 2004) ........................................................................ 8

Pickering v. Bd. of Educ., 391 U.S. 563 (1968)  ............................................................................ 7

Stratton v. Dep't for the Aging, 132 F.3d 869 (2d Cir. 1997)  .................................................... 3-4

Tolbert v. Smith, 790 F.3d 427 (2d Cir. 2015)  .............................................................................. 4

United Air Lines v. Evans, 431 U.S. 553, 97 S. Ct. 1885, 52 L. Ed. 2d 571 (1977)  .................... 5

Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72 (2d Cir. 2015)  .................................... 3-4

White v. City of N.Y., 2010 WL 2697054 (S.D.N.Y. 2010)  ......................................................... 5

**Federal Statutes**

Fed. R. Civ. P. 12(b)(6).................................................................................................................1

## PRELIMINARY STATEMENT

The plaintiff is in receipt of defendants' THE CITY OF NEW YORK; WILLIAM J.

BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L.

PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI'S Rule 12 (b)(6) Motion based

upon the facts and the law.

Plaintiff vigorously opposes such motion as wholly disingenuous and wasteful. The filing

of this motion indicates defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON;

BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI;

STEPHEN P. O'BRIEN and THOMAS CONFORTI'S are clearly attempting to coopt this Court

into cloaking their serious constitutional violations with a judicial stamp of approval. Under Rule

12, plaintiff has more than met his burden of sufficiently pleading plausible claims of national

origin discrimination, violations of the First Amendment and failure to promote.

## STATEMENT OF FACTS

Plaintiff self-identifies as a "Pakistani-American male sergeant who practices the Muslim

faith[.]" Complaint ¶ 10. Plaintiff alleges that shortly thereafter, he was notified by defendant

THE CITY OF NEW YORK through its Department of Citywide Administrative Services

(DCAS) he passed the promotional examination and assigned List No.: 173. Complaint ¶ 16.

Plaintiff alleges in or around January 2013, defendant THOMAS CONFORTI in collusion with

defendants' DIANA L. PIZZUTI and STEPHEN P. O'BRIEN intentionally rated him 2.5 out of

5.0 and DID NOT recommend him for promotion to Lieutenant on his 2012 Yearly Performance

Evaluation because he refused to participate in race-based enforcement actions favoring Jewish

citizens. Complaint ¶ 17. Plaintiff alleges based upon the NYPD Performance Monitoring

Program guidelines, he was placed into the Level II Monitoring Program. Complaint ¶ 18.

Plaintiff alleges the NYPD Performance Monitoring Program is used to enforce race-based enforcement actions such as a specific number of stops, frisks, summonses and arrests. Failure to meet these race-based enforcement actions lead to unfair discipline, failure to promote and other illegal employment actions. Complaint ¶ 20. Plaintiff alleges in 1978, the United States Equal Employment Opportunity Commission ("EEOC") adopted the Uniform Guidelines on Employee Selection Procedures ("UGESP") under Title VII of the Civil Rights Act of 1964. ¶ 22. Plaintiff alleges the UGESP provides uniform guidance for employers to ensure their testing and selection procedures are in compliance with Title VII of the Civil Rights Act of 1964, theory of disparate impact. Complaint ¶ 23. Plaintiff alleges the UGESP outline three (3) different methods for employers to prove their testing and selection procedures are job-related and consistent with business necessity. Complaint ¶ 24. Plaintiff alleges these methods of proving job-relatedness are called "test" validation. Complaint ¶ 25. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, is not in compliance with the UGESP. Complaint ¶ 26. Plaintiff alleges defendants' WILLIAM J. BRATTON; BENJAMIN B. TUCKER and RAYMOND SPINELLA as agency executives are legally obligated to ensure employees' are afforded a fair opportunity to compete for career opportunities in the workplace. Complaint ¶ 36. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, knows or should have known the Performance Monitoring Program and the CARB Board implemented and/or managed by defendants' WILLIAM J. BRATTON; BENJAMIN B. TUCKER and RAYMOND SPINELLA forcing employees' to be evaluated for employability is fraught with "subjectivity" and "implicit bias", thereby creating the opportunity for disparate treatment or disparate impact upon employees' due to their national origin or religion. Complaint ¶ 37. Plaintiff alleges after appearing before the CARB Board on several

2

occasions, he was not promoted to Lieutenant. Complaint ¶¶ 50 and 64. Plaintiff alleges that

upon information and belief there are other who were promoted with similar personnel histories.

Complaint ¶¶ 42 - 49.

Plaintiff alleges in or around May 2014 he was transferred to the Queens Court Section.

He was no longer under the direct command of defendants' DIANA L PIZZUTI; STEPHEN P.

O'BRIEN and THOMAS CONFORTI. Complaint ¶ 58. Plaintiff alleges in or around June 2014

he was placed on 'Special Monitoring' managed through the Employee Management Division

for a minimum of two (2) years. Complaint ¶ 59. Plaintiff alleges in or around January 2015 he

was rated 4.5 out of 5.0 on his 2014 Yearly Performance Evaluation. Complaint ¶ 60. Plaintiff

alleges prior to be transferred from the 112th Precinct under the command of defendants'

DIANA L PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI he was consistently

rated 2.5 out of 5.0 on his 2012 through 2013 Yearly Performance Evaluations in retaliation for

failing to support race-based enforcement actions. Complaint ¶ 61.

## **COUNTERARGUMENTS**

### **POINT I: DEFENDANTS' ANTICIPATED MOTION AND THE APPLICABLE PLEADING STANDARD UNDER IQBAL/TWOMBLY**

To defeat a motion to dismiss in a Title VII discrimination case, a plaintiff must plausibly

allege that (1) the employer took adverse action against [him], and (2) his race, color, religion,

sex, or national origin was a motivating factor in the employment decision. As the Second

Circuit has long recognized, the "ultimate issue" in an employment discrimination case is

whether the plaintiff has met h[is] burden of proving that the adverse employment decision was

motivated at least in part by an "impermissible reason," *i.e.*, a discriminatory reason. Vega v

Hempstead Union Free Sch. Dist., 801 F3d 72 (2d Cir 2015) (quoting Stratton v. Dep't for the

Aging for City of N.Y., 132 F.3d 869, 878 (2d Cir. 1997); *See also* Fields v. N.Y. State Office of

3

Mental Retardation & Developmental Disabilities, 115 F.3d 116, 119 (2d Cir. 1997)). A plaintiff can meet that burden through direct evidence of intent to discriminate, Vega, at 87 (quoting Stratton, 132 F.3d at 878 & n.4), or by indirectly showing circumstances giving rise to an inference of discrimination, Vega, at 87 (quoting Tolbert v. Smith, 790 F.3d 427, 436-37 (2d Cir. 2015)). A plaintiff may prove discrimination indirectly either by meeting the requirements of *McDonnell Douglas* and showing that the employer's stated reason for its employment action was pretext to "cover" up discrimination, Vega, at 87 (quoting Fisher v. Vassar Coll., 114 F.3d 1332, 1334 (2d Cir. 1997) (en banc), *cert. denied*, 522 U.S. 1075, 118 S. Ct. 851, 139 L. Ed. 2d 752 (1998), or by otherwise creating a "mosaic" of intentional discrimination by identifying "bits and pieces of evidence" that together give rise to an inference of discrimination, Vega, at 87 (quoting Gallagher, 139 F.3d at 342)). At the pleadings stage, then, a plaintiff must allege that the employer took adverse action against h[im] at least in part for a discriminatory reason, and he may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination. Vega, at 87. (quoting (Littlejohn v City of New York, 795 F3d 297 (2d Cir 2015)(requiring facts "suggesting an inference of discriminatory motivation").

Here, plaintiff has alleged more than sufficient facts to state a claim for relief. This as in other Rule 12 motions, defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI are simply trying to distract the Court into implementing a heightened pleading requirement when there is no such requirement under the law.

Therefore, since plaintiff has alleged more than sufficient facts to state a claim for relief, the Court must deny defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI'S Rule 12 Motion to Dismiss for failure to state a claim.

**POINT II: PLAINTIFF'S CLAIMS ARE NOT PARTIALLY TIME-BARRED**

Plaintiff's claims under Section 1983, the NYSHRL, and the NYCHRL are subject to a three-year statute of limitations. *See* Owens v. Okure, 488 U.S. 235, 251, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (applying three-year statute of limitations to Section 1983 claims); Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 238 (2d Cir.2007) (applying three-year statute of limitations to claims under the NYSHRL and the NYCHRL); Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir.1997) (three-year statute of limitations for NYSHRL claims); N.Y. C.P.L.R. § 214(2) (NYSHRL claims); N.Y.C. Admin. Code § 8–502(d) (NYCHRL claims). Claims under Section 1981 are subject to a four-year statute of limitations period. *See* White v. City of New York, 2010 WL 2697054, at *2 (S.D.N.Y.2010). However, under the continuing violations doctrine, a court and jury may consider "the entire time period of the hostile environment" in determining liability. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed. 2d 106 (2002). Evidence of earlier discriminatory conduct may constitute relevant "background evidence in support of a timely claim," *Id.* at 113, 122 S.Ct. 2061; *accord* Bonner v. Guccione, 178 F.3d 581, 599 (2d Cir.1999) (citing United Air Lines, Inc. v. Evans, 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977)). Thus, under the three-year statute of limitations any claims alleged before June 30, 2016 is not time-barred. As well as under the four-year statute of limitations any claims before June 30, 2015 is not time-barred.

5

**POINT III: PLAINTIFF STATES A PLAUSIBLE NATIONAL ORIGIN DISCRIMINATION CLAIMS UNDER SECTION 1981 AND ARE NOT PARTIALLY TIME-BARRED**

Defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI argue just as the Brookhaven defendants in Hooda v. Brookhaven Nat'l Lab., 659 F Supp 2d 382 [EDNY 2009], plaintiff's Section 1981 claim for Failure to Promote Due to national origin discrimination must be dismissed because Section 1981, does not protect against this kind of discrimination. The [City] defendants are correct. Hooda, at 21. Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998) ("It is also settled that Section 1981 does not prohibit discrimination on the basis of gender or religion, national origin, or age") (citations omitted). However, the Court went on, although Section 1981, does not protect against national origin discrimination, it does preclude discrimination based upon "ancestry or ethnic characteristics." Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir. 1987) (citations and quotations omitted).

Therefore, consistent with Lopez plaintiff's claims fall within Section 1981 without the need to describe his ancestry or ethnic characteristics. If the Court rules it does not, then the Court must grant plaintiff an opportunity to replead with the requisite ancestry or ethnic characteristics.

**POINT IV: PLAINTIFF STATES A PLAUSIBLE FIRST AMENDMENT CLAIM**

A plaintiff asserting a First Amendment retaliation claim must establish that: "(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." Matthews, at 779 F.3d at 172. (Quoting Cox v. Warwick Valley Cent. School Dist., 654 F.3d 267, 272 (2d Cir. 2011). To demonstrate a causal connection "a plaintiff must

6

show that the protected speech was a substantial motivating factor in the adverse employment action." Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 167 (2d Cir. 2006). A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action. Cobb v. Pozzi, 363 F.3d 89, 108 (2d Cir. 2004).

A court conducts a two-step inquiry to determine whether a public employee's speech is protected: "The first requires determining whether the employee spoke as a citizen on a matter of public concern." Matthews, 779 F.3d at 172. (Quoting Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006); see also Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, Will Cnty., 391 U.S. 563, 568, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968)). This step one inquiry in turn encompasses two separate subquestions: "(1) whether the subject of the employee's speech was a matter of public concern and (2) whether the employee spoke 'as a citizen' rather than solely as an employee." Matthews, 779 F.3d at 172. (Quoting Jackler v. Byrne, 658 F.3d 225, 235 (2d Cir. 2011);  see also Garcetti, 547 U.S. at 420-22). If the answer to either question is no, that is the end of the matter. If, however, both questions are answered in the affirmative, the court then proceeds to the second step of the inquiry, commonly referred to as the Pickering analysis: whether the relevant government entity "had an adequate justification for treating the employee differently from any other member of the public based on the government's needs as an employer." Matthews, 779 F.3d at 172. (Quoting Lane v. Franks, 134 S.Ct. 2369, 2380, 189 L. Ed. 2d 312 (2014)(quoting Garcetti, 547 U.S. at 418); see also Pickering, 391 U.S. at 568.

Here, defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P.

7

O'BRIEN and THOMAS CONFORTI do not even discuss the aforementioned analysis. Frankly, plaintiff's complaints are of public concern and he spoke as a citizen as in Matthews. Because of plaintiff's complaints, defendants' retaliated against him. If questioned, defendants' would be hard-pressed to argue, plaintiff's complaints are not of public concern, he did not speak as a citizen, and there is no causal connection between his speech and the employment actions taken against him.

Therefore, since plaintiff has plausibly stated a claim for First Amendment Retaliation defendants' motion must be denied.

**POINT V: PLAINTIFF STATES PLAUSIBLE FAILURE TO PROMOTE CLAIMS**

In order to establish a *prima facie* case of a discriminatory failure to promote, a Title VII plaintiff ordinarily must demonstrate that: "(1) he is a member of a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." Estate of Hamilton v. City of New York, 627 F.3d 50, 55 (2d Cir. 2010) (quoting Petrosino v. Bell Atl., 385 F.3d 210, 226 (2d Cir. 2004)) (quotation marks omitted). While this test applies to both Plaintiff's Title VII and NYSHRL claims, courts in this circuit have yet to adopt a test for analyzing failure to promote claims under the broader and more liberal NYCHRL, Davis-Bell v. Columbia Univ., 851 F. Supp. 2d 650 (S.D.N.Y. 2012), appeal dismissed (Aug. 14, 2012).

Here, the plaintiff meets all four prongs. Plaintiff self identifies as a Pakistani-American and member of a protected class. Plaintiff alleges since 2012 he was qualified but passed over numerous times for promotion to Lieutenant. Plaintiff alleges the position remained open and defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and

THOMAS CONFORTI continued to seek applicants having the plaintiff's qualifications.

The aforementioned allegations accepted as true, one could conclude impermissible national origin discrimination played a role in the decision-making matrix to pass over plaintiff for promotion to Lieutenant.

Therefore, since plaintiff has stated plausible failure to promote claims consistent with the rule, the court must deny defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI'S Motion to Dismiss for failure to state a claim.

## CONCLUSION

Therefore, since plaintiff has alleged more than sufficient facts to state a claim for relief, the Court must deny defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; BENJAMIN B. TUCKER; RAYMOND SPINELLA; JOANNE JAFFE; DIANA L. PIZZUTI; STEPHEN P. O'BRIEN and THOMAS CONFORTI'S Rule 12 motion to dismiss for failure to state a claim.

Dated:  March 3, 2017
        New York, NY

                              Respectfully submitted,


                              By:      _____s_____
                                    Eric Sanders

                              Eric Sanders, Esq.
                              **THE SANDERS FIRM, P.C.**
                              230 Park Avenue, Suite 1000
                              New York, NY 10169
                              (212) 808-6515 (Business Telephone)
                              (212) 729-3062 (Facsimile)

                              Website: http://www.thesandersfirmpc.com